**SEALED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2010 OCT 19 PM 4: 45
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | Criminal No. |
| | § | USAO No. 2007R06984 |
| v. | § | |
| | § | VIOLATIONS: 26 U.S.C. § 7201 |
| JOHN ROBERT RINN | § | - Tax Evasion (3 counts) |

**INDICTMENT**     A10 CR 634 JN

THE GRAND JURY CHARGES:

**Introduction**

At all times material to this indictment:

1. The Sixteenth Amendment to the United States Constitution, ratified in 1913, empowered Congress to "lay and collect taxes on incomes, from whatever source derived." All residents and all citizens of the United States are subject to the federal income tax, the purpose of which is to generate revenue for the federal budget.

2. The Internal Revenue Service (IRS) of the Department of the Treasury is an agency of the United States government responsible for the collection of federal income taxes.

3. JOHN ROBERT RINN currently resides at 606 W. Bell Ave., Rockdale, Texas 76567. Rockdale is a city in Milam County, located in the Western District of Texas.

4. RINN was born in Bell County, Texas, on January 17, 1943, and is therefore a United States citizen.

5. Upon graduating college, RINN attended and graduated from Baylor Dental School. RINN became a licensed Dentist in Texas in September 1972. RINN operated a dental practice in Rockdale, Texas, as a sole proprietor from October 1974 to December 2000, at which time he shut down his practice.

6. RINN filed federal income tax returns until tax year 1995, at which time he

ceased filing.

7. Beginning in or around August 1996, the specific date which is unknown to the Grand Jury, and continuing to at least June 2007, RINN was involved with several groups of individuals and entities who have been found to promote well-known, nationwide tax evasion schemes, including, but not limited to American Rights Litigators (ARL) who had Power of Attorney from RINN, Americans for Lawful Financial Independence and Information, and Southern Oregon Resource Center Educational Services (SORCE).

8. Between February 26, 1997 and March 10, 1997, the exact date which is unknown to the Grand Jury, RINN formed a series of trusts into which he ultimately placed most of his personal assets including his residence, his business, his business assets, and various real estate holdings. RINN is the Trustee for each of these trusts. From March 1997 through at least June 2007, RINN utilized several of the trusts to "own" his personal real estate, some of which he sold during that same timeframe. Some of that real estate is located within the Western District of Texas.

9. On or about March 17, 1997, RINN, his wife, and sons opened a bank account in the name of OAF Enterprises, one of the trusts formed by RINN, in Rockdale, Texas, at what is now Citizens National Bank of Rockdale, located in the Western District of Texas. From that date and continuing to at least June 2006, RINN utilized this bank account to receive income and pay expenses.

10. Beginning in August 1999, the IRS began an examination of RINN and his then wife, Donnie Rinn, for tax years 1995 through 1997. That examination was later expanded to include tax years 1998 through 2000. Throughout the examination, American Rights Litigators, as RINN's representative, mailed multiple letters to the IRS, which contained frivolous questions and arguments regarding the particular tax for which the Rinns are held liable and the particular form to be used to file taxes. Based on information obtained during the examination, the IRS Revenue Agent calculated additional tax due and owing to the United States for each year examined and mailed to the Rinns Notices of Deficiency. These Notices of Deficiency were mailed to RINN and his wife on or about October 3, 2002.

11. ARL is purported to be an entity that assists individuals in dealing with the

IRS. Individuals designate persons associated with ARL to act as their Power of Attorney. The typical process utilized by these Powers of Attorney, is to mail to the IRS letters which question the taxing statutes, forms for filing, authority of the IRS, and utilize arguments that have been deemed to be frivolous by the IRS, federal district courts, federal tax courts, federal appellate courts, and the Supreme Court. ARL uses the "statutory process" that asks the IRS to show the specific law that makes an individual liable for taxes.

12. On or about January 2, 2003, pursuant to the IRS examination and the resultant tax deficiency applicable to the Rinns, RINN and his wife petitioned the United States Tax Court in objection to the tax deficiencies determined by the IRS for tax years 1995 through 2000.

13. On or about August 1, 2003, and continuing to on or about October 31, 2005, RINN operated an Affordable Dentures franchise in Waco, Texas, utilizing John R. Rinn, DDS, P.A. The Affordable Dentures franchise is operated on behalf of Affordable Care, Inc., a company located in Kinston, NC. In connection with his employment, on July 1, 2003, RINN completed a Form W-4 and provided it to Affordable Care, claiming he was "exempt" from withholding of federal income tax.

14. On or about October 14, 2003, IRS Office of Chief Counsel Attorney Gerald Brantley provided to RINN by certified mail certain case law decisions and a document titled "The Truth About Frivolous Tax Arguments", which addressed many of the questions and arguments brought previously by RINN and his representatives at ARL.

15. On or about February 2, 2004, John and Donnie Rinn attended Tax Court in San Antonio, Texas, located in the Western District of Texas, to argue their case.

16. On or about April 14, 2005, the United States Tax Court issued a decision finding for the Commissioner of Internal Revenue (IRS), thus substantiating the amounts assessed by the IRS for tax years 1995 through 2000. Thereafter, the Rinns appealed this decision to the Fifth Circuit Court of Appeals, but in December 2005, that appeal was dismissed by the court.

17. On or about April 15, 2005, RINN wrote a letter indicating he was forwarding a money order to pay the membership application fee and a check to open an account with Americans For Lawful Independence and Information.

18. Americans for Lawful Financial Independence and Information (ALFII) was touted as an alternative to conventional banking that protected financial privacy of its members, provided an alternative to a bank checking account to manage money securely and safely, and provided debit cards that allowed members to access their funds from almost anywhere worldwide. ALFII employed proprietary technology to enable its members to manage their money via the Internet without maintaining a conventional bank account, and without giving out their Social Security Numbers. Through a third party, ALFII could provide a Star/Pulse Debit Card that requires no SSN, and that could be funded from the member's MYICIS account. MYICIS (My Interactive Currency Interface System) was the financial/banking arm of ALFII that provides services to its members, specifically Digital Money Orders that members could print at their convenience.

19. After the April 2005 Tax Court decision, on or about October 24, 2005, RINN transferred the ownership of 990 shares in John R. Rinn, DDS, P.A. to Healthlink Procare, LLC, according to documents filed with the Secretary of State of Texas, in Austin, Texas, located within the Western District of Texas.

20. On or about October 13, 2005, RINN caused the formation of two trusts, Querido Viejo Enterprises and Liberty Lair Enterprises, with assistance from SORCE.

21. SORCE utilized an "educational" program for clients and provided them with information and a specific entity design to protect their assets. The process utilizes limited liability companies, private foundations, international business companies, and trusts to allow clients to divest themselves of apparent ownership while maintaining complete control of assets. The process also allows clients to move income through these entities and not pay federal income tax on any of it. Clients of SORCE may recognize "unintended tax advantages" as a result of reorganizing their financial affairs. A client can do business as an International Business Company or as a Limited Liability Company, without using their social security number. The SORCE program directs clients to use documentation on the We The People website (STOP WITHHOLDING section) when dealing with entities who want to issue Forms 1099 to them.

22. On or about October 20, 2005, Healthlink Procare, LLC, a Limited Liability Company in the State of Nevada was formed on behalf of RINN. According to

documentation filed with the Secretary of State of Nevada, the members of Healthlink Procare are Querido Viejo Enterprises and Liberty Lair Enterprises.

23. On or about October 31, 2005, RINN and Affordable Care terminated their business relationship. In connection with the termination agreement between Affordable Care and RINN, RINN was to receive $200,000.00.

24. On or about November 2, 2005, RINN directed and caused Affordable Care to transfer $198,000.00 to the MyICIS account of "healthlink".

25. In November 2005, as a result of the Tax Court's decision, the IRS began collection efforts to collect the tax due.

## COUNT 1

### (26 U.S.C. §7201 - Tax Evasion)

1. The Grand Jury adopts, re-alleges, and incorporates by reference all of the allegations set forth in the Introduction section of this indictment, as though fully set forth herein.

2. Beginning on or about October 10, 1996, and continuing to at least on or about November 2, 2005, the defendant, JOHN ROBERT RINN, in the Western District of Texas and elsewhere, did willfully attempt to evade and defeat the payment of a substantial portion of the income tax due and owing by RINN to the United States of America for the calendar years 1995 through 2000, in the amount of approximately $143,090.00 by:

    A. Concealing the true nature, amount, source, extent, and disposition of RINN's assets, income, and property by placing same in the name of various nominee entities;

    B. Filing false and fraudulent documents with the Milam County Clerk, Milam County, Texas;

    C. Concealing the proceeds RINN received upon the sale of an Affordable Dentures franchise RINN operated, by assigning the proceeds to Healthlink Procare, LLC, a nominee entity, controlled by RINN.

All in violation of Title 26, United States Code, §7201.

## COUNT 2

### (26 U.S.C. §7201 - Tax Evasion)

1. The Grand Jury adopts, re-alleges, and incorporates by reference all of the allegations set forth in the Introduction section of this indictment, as though fully set forth herein.

2. During the calendar year 2004, the defendant, JOHN ROBERT RINN, a resident of Rockdale, Texas, had and received taxable income in the sum of approximately $39,695.00. Upon that taxable income, there was owing to the United States of America an income tax of approximately $6,656.00. Well knowing and believing the foregoing facts, JOHN ROBERT RINN, on or about April 15, 2005, in the Western District of Texas, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year by failing to make an income tax return on or before April 15, 2005, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service the income tax, and by:

    A. Signing a false and fraudulent Form W-4 claiming an "exempt" status to prevent RINN's employer at that time from withholding Federal Income Taxes from RINN's income earned during 2004;

    B. Concealing the true nature, amount, source, extent, and disposition of RINN's income by placing same in the name of OAF Enterprises, a nominee entity controlled by RINN.

All in violation of Title 26, United States Code, §7201.

## COUNT 3
(26 U.S.C. §7201 - Tax Evasion)

1. The Grand Jury adopts, re-alleges, and incorporates by reference all of the allegations set forth in the Introduction section of this indictment, as though fully set forth herein.

2. During the calendar year 2005, the defendant, JOHN ROBERT RINN, a resident of Rockdale, Texas, had and received taxable income in the sum of approximately $173,577.00. Upon that taxable income, there was owing to the United States of America an income tax of $47,783.00. Well knowing and believing the foregoing facts, JOHN ROBERT RINN, on or about April 17, 2006, in the Western District of Texas, did willfully attempt to evade and defeat the income tax due and owing by him to the United States of America for the calendar year by failing to make an income tax return on or before April 17, 2006, as required by law, to any proper officer of the Internal Revenue Service, by failing to pay to the Internal Revenue Service the income tax, and by:

   A. Signing a false and fraudulent Form W-4 claiming an "exempt" status to prevent RINN's employer at that time from withholding Federal Income Taxes from the RINN's income earned during 2005;

   B. Concealing the true nature, amount, source, extent, and disposition of RINN's income by placing same into the name of OAF Enterprises, a nominee entity controlled by RINN;

   C. Transferring RINN's ownership in John Rinn, DDS, P.A., to Healthlink Procare, LLC, a nominee entity controlled by RINN;

   D. Concealing the proceeds RINN received upon the sale of an Affordable Dentures franchise RINN operated, by assigning it to Healthlink Procare, LLC, a nominee entity controlled by RINN.

All in violation of Title 26, United States Code, §7201.

A TRUE BILL

**ORIGINAL SIGNATURE REDACTED PURSUANT TO E-GOVERNMENT ACT OF 2002**

JOHN E. MURPHY
United States Attorney

Ashley C. Hoff
Assistant U.S. Attorney